Matter of Kelly (Commissioner of Labor) (2023 NY Slip Op 02046)

Matter of Kelly (Commissioner of Labor)

2023 NY Slip Op 02046

Decided on April 20, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 20, 2023

535731
[*1]In the Matter of the Claim of Mary Jean Kelly, Appellant. Commissioner of Labor, Respondent.

Calendar Date:March 24, 2023

Before:Egan Jr., J.P., Lynch, Reynolds Fitzgerald, Ceresia and McShan, JJ.

Mary Jean Kelly, Cheektowaga, appellant pro se.
Letitia James, Attorney General, New York City (Linda D. Joseph of counsel), for respondent.

Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 16, 2021, which, among other things, ruled that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed.
Claimant worked as a full-time teaching assistant for her employer, a school district, and also worked part time as a home instruction teacher. After being furloughed from her part-time position in March 2020 due to the COVID-19 pandemic, claimant filed a claim for unemployment insurance benefits. Based upon claimant's weekly certifications from April 15, 2020 through June 24, 2020 that she had worked zero days during the week in which she was certifying, she received unemployment insurance benefits for that period as well as federal pandemic unemployment compensation (hereinafter FPUC) (see 15 USC § 9023) pursuant to the Coronavirus Aid, Relief and Economic Security Act of 2020 (the CARES Act) (see 15 USC § 9021). Thereafter, the Department of Labor found that claimant was ineligible for unemployment insurance benefits because she was not totally unemployed given that she continued to work at and receive her full salary from the school district during the relevant time period, charged her with recoverable overpayment of the state benefits and FPUC received and imposed a monetary penalty and forfeiture of future benefit days based upon a finding that claimant made willful false statements to obtain those benefits. Following a hearing, an Administrative Law Judge sustained the Department's initial determinations. By decision filed November 16, 2021, the Unemployment Insurance Appeal Board affirmed the decision of the Administrative Law Judge, and this appeal ensued.
We affirm. As an initial matter, the record evidence, including claimant's testimony, reflects that she continued to work remotely in her full-time position at the school district and to receive her regular salary during the period at issue. Accordingly, the Board's decision that claimant was ineligible for unemployment insurance benefits because she was not totally unemployed is supported by substantial evidence (see Labor Law § 591 [1]; Matter of Chin [Commissioner of Labor], 211 AD3d 1263, 1264 [3d Dept 2022]; Matter of Nottage [Commissioner of Labor], 204 AD3d 1213, 1214 [3d Dept 2022]). Given the Board's finding that claimant was not totally unemployed and therefore ineligible for unemployment insurance benefits under state law, claimant was also not eligible to receive federal pandemic assistance under the CARES Act (see Matter of Chin [Commissioner of Labor], 211 AD3d at 1264; Matter of Magassouba [Commissioner of Labor], 209 AD3d 1089, 1091-1092 [3d Dept 2022]).
With regard to the Board's imposition of a recoverable overpayment of benefits, where a claimant willfully makes a false statement or representation, or willfully conceals a pertinent fact in connection with his or her claim for unemployment insurance benefits, even if the misrepresentation [*2]was unintentional, the benefits paid to the claimant are recoverable (see Labor Law §§ 594, 597 [4]; Matter of Arrigo [Commissioner of Labor], 211 AD3d 1287, 1288 [3d Dept 2022]; Matter of Cardella [Commissioner of Labor], 179 AD3d 1367, 1369-1379 [3d Dept 2020]). Given that claimant did not disclose her continued full-time employment when certifying for and obtaining benefits, there is no basis to disturb the Board's finding that the benefits paid to claimant were recoverable and that she failed to disclose a pertinent fact and therefore made willful false statements warranting the imposition of a monetary penalty and forfeiture of future benefit days (see Labor Law §§ 594, 597 [4]; Matter of Arrigo [Commissioner of Labor], 211 AD3d at 1288; Matter of Johnson [Commissioner of Labor], 210 AD3d 1260, 1262 [3d Dept 2022]; see also Matter of Henry [Commissioner of Labor], 211 AD3d 1296, 1298 [3d Dept 2022]). The FPUC received by claimant was also recoverable (see 15 USC § 9023 [b] [1]; [f] [2]; Matter of Chin [Commissioner of Labor], 211 AD3d at 1264; Matter of Johnson [Commissioner of Labor], 210 AD3d at 1262). To the extent that we have not addressed claimant's remaining contentions, we find them to be unavailing.
Egan Jr., J.P., Lynch, Reynolds Fitzgerald, Ceresia and McShan, JJ., concur.
ORDERED that the decision is affirmed, without costs.